UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-493M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| TAMSIN MARIE BERGMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:

Possession of Stolen Mail; Possession of False Identification (three counts); Theft or Receipt of Stolen mail; Production of False Identification Documents; Aggravated Identity Theft

Date of Detention Hearing:    October 16, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)    The Complaint charges that the above-referenced offenses occurred on the dates

of April 18, 2006, June 27, 2006, July 13, 2006, and July 31, 2006. In a search incident to arrest on the first date, items were allegedly found and seized that include mail addressed to another person, credit cards in names different than the defendant, a checkbook in the name of another individual, items consistent with manufacturing identification cards, other items used to commit identity theft and forgery, and drug paraphernalia. Following that contact with law enforcement, defendant allegedly attempted to cash a counterfeit check and was arrested for possession of a stolen vehicle, at which time additional, similar items were located. Defendant is charged with subsequent alleged efforts to utilize counterfeit checks, identification documents, a stolen vehicle, stolen bank statements, and stolen mail. The weight of the evidence is strong in that defendant allegedly confessed at the time that she was arrested on April 18, 2006 and subsequently.

(2) The defendant's criminal record includes previous charges including five prior identification theft related convictions. She was previously on federal supervision for possession of stolen mail. She violated her conditions of supervision in 2000 by using marijuana, by testing positive for methamphetamine, failing to successfully complete home confinement with electronic monitoring, and by leaving the halfway house with permission and absconding from supervision. She was arrested in the District of Arizona and returned to custody in this District. She admitted violating her conditions of supervised release in 2001 by using methamphetamine and in 2002 for using heroin, as well as failing to successfully complete a halfway house placement. She violated supervised release in 2003 by using heroin and in 2004 for using heroin and methamphetamine and for failing to complete drug treatment. In 2005 she violated supervised release by using methamphetamine, amphetamine, failing to complete a halfway house placement, using heroin, and associating with a known felon. She was returned to custody with credit for time served, and

supervision was terminated. Her probation officer assessed her as having made a poor adjustment to supervised release.

  (3) The defendant poses a risk of nonappearance due to chronic drug history, unstable residence and employment history, unknown mental health history, and having allegedly committed multiple crimes as currently charged after being successively apprehended, released, and then allegedly committing new offenses. The defendant poses a risk of danger due to chronic drug history, her criminal history and the nature of the current charges.

  (4) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

  (1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

  (2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

  (3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

(4)   The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of October, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 4

15.13
Rev. 1/91